IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| LARRY PITTS, | ) CIVIL ACTION 4:05-891-SB-TER |
|         Plaintiff, | ) |
| | ) |
|         v. | ) |
| | ) REPORT AND RECOMMENDATION |
| JO ANNE B. BARNHART | ) |
| COMMISSIONER OF SOCIAL | ) |
| SECURITY, | ) |
| | ) |
|         Defendant. | ) |

This is an action brought pursuant to Section 205(g) of the Social Security Act, as amended, 42 U.S.C. Section 405(g), to obtain judicial review of a "final decision" of the Commissioner of Social Security, denying plaintiff's claim for Disability Insurance Benefits (DIB) and Supplemental Security Income (SSI). The only issues before the Court are whether the findings of fact are supported by substantial evidence and whether proper legal standards have been applied. This case was referred to the undersigned for a report and recommendation pursuant to Local Rule 73.02(B)(2)(a), (D.S.C.).

## I.  PROCEDURAL HISTORY

The plaintiff, Larry Pitts, filed applications for DIB on April 25, 2002, and SSI on April 25, 2002, alleging disability since April 18, 2002 (Tr.43-45, 61,177-180), due to an enlarged heart with a leaking valve, lung problems, a sleep disorder, diabetes and high blood pressure (Tr. 79-82). Plaintiff requested a hearing after his claims were denied initially and upon reconsideration. A

hearing was held on June 9, 2004 (Tr. 192-227). Plaintiff was present with his mother, Geneva Hatcher, who testified as his witness. A Vocational Expert (VE), J. Adger Brown, also testified. Plaintiff was not represented by counsel but testified at this hearing. The Administrative Law Judge (ALJ) issued a decision on October 14, 2004, finding that plaintiff was not disabled (Tr. 12-20). Plaintiff filed an appeal with the Appeal Council. On February 14, 2005, the Appeals Council determined that there was no basis for changing the ALJ's final decision (Tr. 5-7). Therefore, the ALJ's decision became final, plaintiff exhausted his administrative remedies, and this case is now ripe for judicial review. See U.S.C. § 405(g).

## II. FACTUAL BACKGROUND

The plaintiff, Larry Pitts, was born April 3, 1963, and was 40 years old on the date of the administrative hearing before the ALJ.. (Tr. 177). Plaintiff has a tenth grade education and work experience as an insulation contractor, box bander, order puller and frame carpenter (Tr. 49-56, 62, 67, 195-205, 211-213).

## III. DISABILITY ANALYSIS

The plaintiff's arguments consist of the following, quoted verbatim:

(1) The ALJ erred in failing to evaluate the plaintiff's respiratory impairment under Listing 3.02(A).

(2) The ALJ made contradictory findings as to the plaintiff's severe impairments.

(3) The ALJ did not explain his findings regarding the plaintiff's residual functional capacity, as required by Social Security Ruling 96-8p.

    (4)    The ALJ failed to properly evaluate the credibility of the plaintiff.

(Plaintiff's brief).

In the decision of October 14, 2004, the ALJ found the following:

1. The claimant meets the nondisability requirements for a period of disability and Disability Insurance Benefits set forth in Section 216(i) of the Social Security Act and has not engaged in substantial gainful activity since the alleged onset of disability.

2. The claimant has an impairment or a combination of impairments considered "severe" based on the requirements in the Regulations but not severe enough to meet or medically equal one of the listed impairments in Appendix 1, Subpart P, Regulation No. 4.

3. The claimant's allegations regarding his limitations are less than fully credible.

4. The undersigned has carefully considered all of the medical opinions in the record regarding the severity of the claimant's impairments (20 CFR § 404.1527).

5. The claimant has retained the residual functional capacity to perform work at the light exertional level with restrictions that require no lifting or carrying over 20 pounds occasionally and 10 pounds frequently; avoidance of hazards such as unprotected heights and dangerous machinery; and an environment free from poor ventilation, dust, fumes, gases, odors, and extremes of humidity and temperature.

6. The claimant is unable to perform any of his past relevant work (20 CFR § 404.1565).

7. The claimant is a "younger individual age 18 to 44" (20 CFR § 404.1563).

8. The claimant has "a limited education" (20 CFR § 404.1564).

9. The claimant's acquired skills from the past relevant work are not transferable to other work because of the residual functional capacity restriction to an environment free from poor ventilation, dust, and fumes (20 CFR § 404.1568).

    10.    The claimant has the residual functional capacity to perform a significant range of light work (20 CFR § 416.967).

    11.    Although the claimant's exertional limitations do not allow him to perform the full range of light work, using Medical-Vocational Rule 202.18 as a framework for decision-making, there are a significant number of jobs in the national economy that he could perform. Examples include the unskilled, light exertional level jobs of grader/sorter (non-agricultural), with 52,000 such jobs in the national economy; assembler, with 514,000 such jobs nationally; and quality examiner, with 120,000 such jobs nationally.

    12.    The claimant has not been under a "disability," as defined in the Social Security Act, at any time through the date of this decision (20 CFR § 404.1520(f)).

(Tr. 18-19).

The Commissioner argues that the ALJ's decision was based on substantial evidence and that the phrase "substantial evidence" means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 390-401, (1971). Under the Social Security Act, 42 U.S.C. § 405 (g), the scope of review of the Commissioner's final decision is limited to: (1) whether the decision of the Commissioner is supported by substantial evidence and (2) whether the legal conclusions of the Commissioner are correct under controlling law. Myers v. Califano, 611 F.2d 980, 982-83 (4th Cir. 1988); Richardson v. Califano, 574 F.2d 802 (4th Cir. 1978). "Substantial evidence" is that evidence which a "reasonable mind might accept as adequate to support a conclusion." Richardson, 402 U.S. at 390. Such evidence is generally equated with the amount of evidence necessary to avoid a directed verdict. Shively v. Heckler, 739 F.2d 987, 989 (4th Cir. 1984). The Court's scope of review is specific and narrow. It does not conduct a de novo review of the evidence, and the Commissioner's finding of non-disability is to be

upheld, even if the Court disagrees, so long as it is supported by substantial evidence. 42 U.S.C. § 405 (g) (1982); Blalock v. Richardson, 483 F.2d 773, 775 (4th Cir. 1972).

The general procedure of a Social Security disability inquiry is well established. Five questions are to be asked sequentially during the course of a disability determination. 20 C.F.R. §§ 404.1520, 1520a (1988). An ALJ must consider (1) whether the claimant is engaged in substantial gainful activity, (2) whether the claimant has a severe impairment, (3) whether the claimant has an impairment which equals a condition contained within the Social Security Administration's official listing of impairments (at 20 C.F.R. Pt. 404, Subpart P, App. 1), (4) whether the claimant has an impairment which prevents past relevant work and (5) whether the claimant's impairments prevent him from any substantial gainful employment.

Under 42 U.S.C. §§ 423 (d)(1)(A) and 423(d)(5) pursuant to the Regulations formulated by the Commissioner, the plaintiff has the burden of proving disability, which is defined as an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." See 20 C.F.R. § 404.1505(a); Blalock, 483 F.2d at 775.

If an individual is found not disabled at any step, further inquiry is unnecessary. 20 C.F.R. § 404.1503(a). Hall v. Harris, 658 F.2d 260 (4th Cir. 1981). An ALJ's factual determinations must be upheld if supported by substantial evidence and proper legal standards were applied. Smith v. Schweiker, 795 F.2d 343, 345 (4th Cir. 1986).

A claimant is not disabled within the meaning of the Act if he can return to his past relevant work as it is customarily performed in the economy or as the claimant actually performed the work.

SSR 82-62. The claimant bears the burden of establishing her inability to work within the meaning of the Social Security Act. 42 U.S.C. § 423 (d)(5). He must make a prima facie showing of disability by showing she was unable to return to her past relevant work. Grant v. Schweiker, 699 F. 2d 189, 191 (4th Cir. 1983).

Once an individual has established an inability to return to his past relevant work, the burden is on the Commissioner to come forward with evidence that the plaintiff can perform alternative work and that such work exists in the regional economy. The Commissioner may carry the burden of demonstrating the existence of jobs available in the national economy that the plaintiff can perform despite the existence of impairments which prevent the return to past relevant work by obtaining testimony from a vocational expert. Id. at 191.

## IV.  MEDICAL REPORTS

The undersigned has reviewed the medical records and finds many of the reports relevant to the issues in this case.

Plaintiff presented to Ansermo L. Arthur, M.D., a cardiologist with Aiken Cardiovascular Associates, on February 13, 2002, with complaints of occasional chest pain and shortness of breath. Upon examination, Dr. Arthur found that plaintiff's blood pressure was 170/98, and that he breathed clearly and had normal cardiovascular functional. Dr. Arthur diagnosed moderate range hypertension and prescribed Lotrel, a medication for hypertension (Tr. 118-122, 174-176).

Dr. Arthur administered a nuclear stress test on February 27, 2002, which showed no evidence of ischemia after an appropriate workload, normal heart rate and blood pressure responses to exercise, poor exercise tolerance, and normal left ventricular systolic functioning (Tr. 117, 171).

On March 18, 2002, plaintiff underwent pulmonary function testing by John Saunders, M.D., which showed FEV of 1.5 liters, and an FVC of 2.01 liters, representing 36 and 39 percent predicted value respectively (Tr. 151-153).

On March 27, 2002, plaintiff saw Miroslave B. Zotovic, M.D., for assessment of diabetes mellitus, hypertension and shortness of breath. Dr. Zotovic found that plaintiff was obese and that he demonstrated bilateral chest symmetry with respiration, with no wheezing, rales or rhonchi. Pulmonary functioning tests showed FEV of 1.86 and FVC of 2.33, which were 44 and 46 percent of predicted value respectively. Dr. Zotovic diagnosed obesity with possible obstructive sleep apnea, poorly regulated hypertension with non-compliance of his medication, diabetes mellitus, and shortness of breath associated with restrictive pattern upon pulmonary function testing. Dr. Zotovic also prescribed Combivent, a bronchodialator and Lotensin, a medication for hypertension, and recommended a polysomnography and chest CT scan (Tr. 105-112).

On April 19, 2002, plaintiff returned to Dr. Arthur and reported that he was "feeling well" but was having shortness of breath. Dr. Arthur found that plaintiff had clear lungs and normal cardiac functioning. Dr. Arthur diagnosed hypertension and obstructive sleep apnea which he opined is most likely the cause of plaintiff's shortness of breath. Plaintiff's medications were adjusted. (Tr. 116, 168).

On May 16, 2002, Dr. Zotovic administered a polysomnography test, diagnosed "severe obstructive sleep apnea" and recommended another polysomnograph with CPAP/BiPAP titration (Tr. 109).

Dr. Arthur examined plaintiff again on June 5, 2002, and found normal lung and cardiovascular functioning. Dr. Arthur diagnosed obstructive sleep apnea, and hypertension, and adjusted plaintiff's medications (Tr. 115, 170).

Plaintiff underwent polysomnography with CPAP testing on June 20, 2002. When CPAP testing was unsuccessful, Dr. Zotovic placed plaintiff in a BiPAP mask, after which no obstructive apnea was recorded. Dr.Zotovic diagnosed obstructive sleep apnea which markedly improved with a BiPAP mask (Tr. 108).

On July 30, 2002, George Chandler, M.D., a State agency physician, completed a physical residual functional capacity assessment. Dr. Chandler noted that he considered plaintiff's obesity, the June 20, 2002, polysomnography and CPAP testing by Dr. Arthur, and March 2002 pulmonary function test results. Dr. Chandler concluded that plaintiff could perform light work, but should avoid moderate exposure to fumes, odors, dusts, gases and poor ventilation, and concentrated exposure to hazards (Tr. 141-148).

By August 19, 2002, plaintiff complained to Dr. Arthur of episodic exertional chest pain. Dr. Arthur concluded that plaintiff's chest pain was related to his blood pressure which was still elevated and adjusted his medications (Tr. 114, 169).

On February 12, 2003, Lisa Varner, Ph.D., a State agency psychological consultant, concluded there was insufficient evidence to establish that plaintiff had a mental impairment (Tr. 125-138).

On April 22, 2003, plaintiff presented to the Aiken Regional Medical Center for shortness of breath and chest pain during the previous week. Dr. Arthur admitted plaintiff to the hospital for care and, upon examination, found that he had normal respiratory and cardiovascular functioning.

Dr. Arthur performed a left heart catheterization and ventribulography, and right coronary angiography on April 23, 2003. He concluded that plaintiff had no significant obstructive coronary artery disease and normal left ventricular systolic functioning and pressures (Tr. 157-158). Dr. Arthur prescribed Micronase and Glucophage, both anti-diabetic agents, Lotrel, and aspirin, and discharged plaintiff on April 23, 2003 (Tr. 161-162). The discharge diagnosis was obstructive sleep apnea, unstable angina, shortness of breath, diabetes, and hypertension. (Tr. 160).

## V.  PLAINTIFF'S SPECIFIC ARGUMENTS

Plaintiff argues that the ALJ failed to properly evaluate the credibility of the plaintiff. Plaintiff asserts that the ALJ's decision includes no meaningful discussion of the plaintiff's credibility. Plaintiff argues as he was *Pro Se* at the hearing, the ALJ erred in making no serious attempt to inquire as to the extent of his impairments at the hearing. Defendant argues that the ALJ properly found that plaintiff's subjective complaints were less than fully credible.

As to allegations of pain, the Fourth Circuit has often repeated that, "once objective medical evidence establishes a condition which could reasonably be expected to cause pain of the severity a claimant alleges, those allegations may not be discredited simply because they are not confirmed by objective evidence of the severity of the pain, such as heat, swelling, redness and effusion." Craig, 76 F.3d at 592 (identifying two-step process by which ALJ must first determine if the claimant has demonstrated by objective medical evidence an impairment capable of causing the pain alleged and if so, must then assess the credibility of the claimant's subjective accounts of pain); Jenkins v. Sullivan, 906 F.2d 107, 109 (4th Cir. 1990).

The Commissioner has promulgated Ruling 96-7p to assist ALJ's in determining when credibility findings about pain and functional effect must be entered, and what factors are to be weighed in assessing credibility. The Ruling directs that,

> When the existence of a medically determinable physical or mental impairment(s) that could reasonably be expected to produce the symptoms has been established, the intensity, persistence, and functionally limiting effects of the symptoms must be evaluated to determine the extent to which the symptoms affect the individual's ability to do basic work activities. *This requires the adjudicator to make a finding about the credibility of the individual's statements about the symptom(s) and its functional effects . . .*
>
> An individual's statements about the intensity and persistence of pain or other symptoms or about the effect the symptoms have on his or her ability to work may not be disregarded solely because they are not substantiated by objective medical evidence.
>
> . . .
>
> The finding on the credibility of the individual's statements cannot be based on an intangible or intuitive notion about an individual's credibility. The reasons for the credibility finding must be grounded in the evidence and articulated in the determination or decision. It is not sufficient to make a conclusory statement that "the individual's allegations have been considered" or that "the allegations are (or are not) credible." It is also not enough for the adjudicator simply to recite the factors that are described in the regulations for evaluating symptoms. The determination or decision must contain specific reasons for the finding on credibility, supported by the evidence in the case record, and must be sufficiently specific to make clear to the individual and to any subsequent reviewers the weight the adjudicator gave to the individual's statements and the reasons for that weight. This documentation is necessary in order to give the individual a full and fair review of his or her claim, and in order to ensure a well-reasoned determination or decision.

Ruling 96-7p (emphasis added).

The Fourth Circuit has recognized that it is especially critical that the ALJ assess a plaintiff's credibility as to accounts of pain. As the court stated in <u>Hatcher v. Secretary</u>, 898 F.2d 21, 23 (4th Cir. 1989) (citations omitted):

> [i]t is well settled that: '[t]he ALJ is required to make credibility determinations--and therefore sometimes make negative determinations--about allegations of pain or other nonexertional disabilities . . . . But such decisions should refer specifically to the evidence informing the ALJ's conclusion. This duty of explanation is always an important aspect of the administrative charge, . . . and it is especially crucial in evaluating pain, in part because the judgment is often a difficult one, and in part because the ALJ is somewhat constricted in choosing a decisional process.

In his decision, the ALJ concluded that:

> As shown above, the alleged severity of the claimant's subjective complaints, evaluated pursuant to Craig v. Chater, 76 F.3d 585, 591 (4th Cir. 1996), 20 C.F.R. §§ 404.1529, 416.929 (2002), and Social Security Ruling 96-7p, is not supported by the evidence.

(Tr. 16).

The ALJ failed to give specific findings supported by specific evidence of record to find the plaintiff's testimony and complaints not credible. There is objective medical evidence that plaintiff has medically diagnosed conditions which could certainly bring about the limitations plaintiff testified to at the hearing such as shortness of breath, problems with sleep, and hypertension. Further, plaintiff's mother testified that plaintiff has to be on a breathing machine and he can't do much without "giving out and has to sit down and rest." The ALJ more or less gave a conclusory statement as to his finding related to plaintiff's credibility. The court will not, however, speculate on a barren record devoid of the appropriate administrative analysis. In the absence of specific reasons being identified by the ALJ for rejecting plaintiff's complaints and restrictions, the court is unable to complete the review mandated by law. For example, the court is uncertain whether the ALJ discredited plaintiff's symptoms because they were unsupported by objective medical evidence (in contravention of Ruling 96-7p), because he did not believe plaintiff's subjective accounts that he experiences the amount of limitations to the extent alleged or to the degree of functional limitation

maintained. It is also noted that the ALJ did not inquire from plaintiff at the hearing regarding any restrictions related to his impairments, including but not limited to, sitting, standing, lifting, and walking.

Because the ALJ did not give specific findings supported by specific evidence of record to find the plaintiff's testimony not credible, this case is to be remanded for proper consideration and explanation of findings as to the plaintiff's subjective complaints considered with the medical evidence. On remand, the Commissioner can address these issues in accordance with Ruling 96-7p and Craig v. Chater, supra.

Next, plaintiff argues that the ALJ did not explain his findings regarding his residual functional capacity (RFC). Plaintiff argues that the ALJ does not specifically explain how he arrived at the restrictions found.

A review of the ALJ's decision reveals that he found:

> Upon review of the total evidence of record, and in consideration of the combined effect of the claimant's impairments, including all severe impairments, non-severe impairments and subjective complaints, I find the claimant has retained the residual functional capacity to perform work at the light exertional level with restrictions that require no lifting or carrying over 20 pounds occasionally and 10 pounds frequently, avoidance of hazards such as unprotected heights and dangerous machinery; and an environment free from poor ventilation, dust, fumes, gases, odors and extremes of humidity and temperature.

(Tr. 16).

The undersigned concludes the ALJ failed to provide an appropriate rationale with specific references to the evidence of record in assessing plaintiff's limitations in deciding his maximum residual functional capacity. After discussing the conclusory reasons why he found plaintiff not to

be credible, the ALJ summarily stated that plaintiff retains the residual functional capacity to perform work at the light exertional level with restrictions as set out above. The ALJ fails to give an analysis as to the medical evidence related to plaintiff's physical condition that would allow this RFC determination.

Plaintiff also argues that the ALJ made contradictory findings as to the plaintiff's severe impairments. Defendant argues that the ALJ's contradictory findings was at most harmless and had no bearing on the outcome of the case.

A review of the ALJ's decision concludes that there are contradictory findings. In one paragraph of the decision, the ALJ finds that "the medical evidence confirms that the claimant's restrictive lung disease, obesity, and obstructive sleep apnea are "severe" impairments with the meaning of the Regulations. . ." (Tr. 15).  In another paragraph of the decision, the ALJ sets out medical evidence with regard to tests in reference to plaintiff's sleep apnea and then concludes "the claimant's sleep apnea is a non-severe impairment." (Tr. 16).

Upon remand, this contradiction should be alleviated and/or explained. It is necessary for the court to know what impairments the ALJ's finds to be severe in order to determine if the other findings by the ALJ are supported by substantial evidence.

## VI.  CONCLUSION

Accordingly, pursuant to the power of the Court to enter a judgment affirming, modifying, or reversing the Commissioner's decision with remand in social security actions under sentence four of Sections 205(g) and 1631 (c) (3) of the Social Security Act, 42 U.S.C. Sections 405 (g) and 1338 (c) (3), it is,

RECOMMENDED that the Commissioner's decision be reversed pursuant to sentence four of 42 U.S.C. § 405(g) and that the case be **remanded** to the Commissioner for further administrative action as set out above.

          Respectfully submitted,

          s/Thomas E. Rogers, III
          Thomas E. Rogers, III
          United States Magistrate Judge

August 21, 2006
Florence, South Carolina

**The parties' attention is directed to the important notice on the next page.**

### Notice of Right to File Objections to Magistrate Judge's "Report and Recommendation" &
### The Serious Consequences of a Failure to Do So

The parties are hereby notified that any objections to the attached Report and Recommendation (or Order and Recommendation) must be filed within ten (10) days of the date of service. 28 U.S.C. § 636 and Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three days for filing by mail. Fed. R. Civ. P. 6. A magistrate judge makes only a recommendation, and the authority to make a final determination in this case rests with the United States District Judge. *See* Mathews v. Weber, 423 U.S. 261, 270-271 (1976); and Estrada v. Witkowski, 816 F. Supp. 408, 410, 1993 U.S.Dist. LEXIS® 3411 (D.S.C. 1993).

During the ten-day period for filing objections, but not thereafter, a party must file with the Clerk of Court specific, written objections to the Report and Recommendation, if he or she wishes the United States District Judge to consider any objections. Any written objections must *specifically identify* the portions of the Report and Recommendation to which objections are made *and* the basis for such objections. *See* Keeler v. Pea, 782 F. Supp. 42, 43-44, 1992 U.S.Dist. LEXIS® 8250 (D.S.C. 1992); and Oliverson v. West Valley City, 875 F. Supp. 1465, 1467, 1995 U.S.Dist. LEXIS® 776 (D.Utah 1995). Failure to file written objections shall constitute a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the United States District Judge. *See* United States v. Schronce, 727 F.2d 91, 94 & n. 4 (4th Cir.), *cert. denied*, Schronce v. United States, 467 U.S. 1208 (1984); and Wright v. Collins, 766 F.2d 841, 845-847 & nn. 1-3 (4th Cir. 1985). Moreover, if a party files specific objections to a portion of a magistrate judge's Report and Recommendation, but does not file specific objections to other portions of the Report and Recommendation, that party waives appellate review of the portions of the magistrate judge's Report and Recommendation to which he or she did not object. In other words, a party's failure to object to one issue in a magistrate judge's Report and Recommendation precludes that party from subsequently raising that issue on appeal, even if objections are filed on other issues. Howard v. Secretary of HHS, 932 F.2d 505, 508-509, 1991 U.S.App. LEXIS® 8487 (6th Cir. 1991). *See also* Praylow v. Martin, 761 F.2d 179, 180 n. 1 (4th Cir.)(party precluded from raising on appeal factual issue to which it did not object in the district court), *cert. denied*, 474 U.S. 1009 (1985). In Howard, supra, the Court stated that general, non-specific objections are *not* sufficient:

> A general objection to the entirety of the [magistrate judge's] report has the same effects as would a failure to object. The district court's attention is not focused on any specific issues for review, thereby making the initial reference to the [magistrate judge] useless. * * * This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act. * * * We would hardly countenance an appellant's brief simply objecting to the district court's determination without explaining the source of the error.

*Accord* Lockert v. Faulkner, 843 F.2d 1015, 1017-1019 (7th Cir. 1988), where the Court held that the appellant, who proceeded *pro se* in the district court, was barred from raising issues on appeal that he did not specifically raise in his objections to the district court:

> Just as a complaint stating only 'I complain' states no claim, an objection stating only 'I object' preserves no issue for review. * * * A district judge should not have to guess what arguments an objecting party depends on when reviewing a [magistrate judge's] report.

*See also* Branch v. Martin, 886 F.2d 1043, 1046, 1989 U.S.App. LEXIS® 15,084 (8th Cir. 1989)("no de novo review if objections are untimely or general"), which involved a *pro se* litigant; and Goney v. Clark, 749 F.2d 5, 7 n. 1 (3rd Cir. 1984)("plaintiff's objections lacked the specificity to trigger de novo review"). This notice, hereby, apprises the plaintiff of the consequences of a failure to file specific, written objections. *See* Wright v. Collins, supra; and Small v. Secretary of HHS, 892 F.2d 15, 16, 1989 U.S.App. LEXIS® 19,302 (2nd Cir. 1989). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections addressed as follows:

Larry W. Propes, Clerk
United States District Court
Post Office Box 2317
Florence, South Carolina 29503
